CALIFORNIA OIL & GAS CO. v. MILLER et al. (Circuit Court, S. D. California. November 1, 1900.) No. 854. On Demurrer to Amended and Supplemental Bill. Wm. H. H. Hart, Aylett R. Cotton, and A. H. Ricketts, for complainant. Bicknell, Gibson & Trask, L. L. Cory, and J. A. Hannah, for defendants.

WELLBORN, District Judge. So far as concerns the question of federal jurisdiction, the amended and supplemental bill is substantially the same as the original bill, for which latter see 96 Fed. 12, and I am confirmed in the views there expressed by the late case of Blackburn v. Mining Co., 175 U. S. 571, 20 Sup. Ct. 222, 44 L. Ed. 276. Since the amended and supplemental bill fails to show a federal question, it is unnecessary to determine whether or not the allegations of said amended and supplemental bill as to the possession of the property are the same as, or different from, those of the original bill. The demurrer will be sustained.

---

CARPENTER et al. v. ANGLO-AMERICAN SAVINGS & LOAN ASS'N OF NEW YORK et al. (Circuit Court, S. D. New York. January 25, 1901.) Motion for Appointment of Permanent Receivers. Wm. H. Russell, for the motion. Wm. B. Hornblower, Myer Nussbaum, and Wm. E. Kisselberg, Jr., opposed.

LACOMBE, Circuit Judge. The real question presented here is whether this court should now take the action which it declined to take before, upon the expressed ground that it must be assumed that the state court receivers would properly safeguard the property and preserve it undistributed until final hearing. When order to show cause with temporary stay was granted, it was thought that the proposed sale of some $2,000,000 of its assets to a new company might be an improvidence which would require this court to take action to prevent it. It appears, however, that by reason of the mortgages, taxes, etc., on this particular property it may be looked upon as perishable, and no improvidence on the part of the receivers in thus disposing of it is shown. The stay is vacated, and motion denied.

---

JOHNSON et al. v. BRUNOR. (Circuit Court, S. D. New York. February 9, 1901.) Motion for Preliminary Injunction. Archibald Cox, for the motion, Samuel L. Samules, opposed.

LACOMBE, Circuit Judge. Complainant may take order for injunction pendente lite, restraining defendant, his clerks, etc., from selling and from offering to sell any kidney plaster not manufactured by or for complainant, to the wrapper or wrappers inclosing which shall be applied in any form or manner whatsoever the representation of a red cross or the designation "Red Cross," and from selling or offering to sell such plasters inclosed in wrappers like that in which he has sold them, and which are annexed to the moving papers, or in wrappers which, by collocation of color, size, words, and symbols, are made to present such a likeness to complainant's wrappers as would be calculated to deceive.